IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE F. HESS,                    )
                                   )     Civil No. 05-718-JO
        Petitioner,                )
                                   )
    v.                             )
                                   )
JEAN HILL, Superintendent,         )     OPINION AND ORDER
Snake River Correctional           )
Institution,                       )
                                   )
        Respondent.                )

      Anthony D. Bornstein
      Assistant Federal Public Defender
      101 S.W. Main Street, Suite 1700
      Portland, Oregon 97204

          Attorney for Petitioner

      Hardy Myers
      Attorney General
      Lester R. Huntsinger
      Senior Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97310

          Attorneys for Respondent

  1 - OPINION AND ORDER

JONES, District Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner alleges the 2003 decision of the Oregon Board of Parole and Post-Prison Supervision ("Board") to defer his parole based on unconstitutionally vague statutory criteria violates his right to due process under the Fourteenth Amendment to the United States Constitution. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (Attachment to #31) is DENIED.

<u>**BACKGROUND**</u>

In January 1985, petitioner was convicted of Rape in the First Degree, two counts of Sodomy in the First Degree, and Sexual Abuse in the First Degree. The trial judge sentenced petitioner to 20 years each for the Rape and Sodomy counts, and 5 years for the Sexual Abuse count. Respondent's Exhibit 101. These sentences were ordered to be served concurrently, but consecutively to sentences previously imposed, which are now expired. Petitioner's Amended Petition (#31), p. 2.

In September 2003, petitioner underwent a psychological evaluation in anticipation of an upcoming parole hearing. Respondent's Exhibit 103, p. 36M. In his assessment of petitioner's mental status, Dr. Colistro, the examining psychologist, noted that petitioner was "alert, fully oriented, pleasant and cooperative, displaying no behavioral signs for the

presence of significant mental or emotional disturbance." Id at 36N. Notwithstanding this assessment, Dr. Colistro diagnosed petitioner with Pedophilia and Personality Disorder with Narcissistic and Antisocial Features. Id at 36P. The doctor opined that these "conditions [were] severe ones predisposing [petitioner] to the commission of crimes to a degree rendering him an ongoing threat to the health and safety of the community." Id.

On November 5, 2003, petitioner had an exit interview hearing before a three-member panel of the Board. Id at 68. The panel unanimously concluded that petitioner "suffers from a present and severe emotional disturbance that constitutes a danger to the health or safety of the community," and deferred his release date for 24 months. Id at 85.

Petitioner requested administrative review of the panel's decision, and the Board denied him relief. Id at 87-90, 92-93. He then filed a Motion for Leave to Proceed with Judicial Review with the Oregon Court of Appeals. Respondent's Exhibit 104. The Oregon Court of Appeals denied petitioner's Motion, and the Oregon Supreme Court denied review. Respondent's Exhibits 106 & 108.

On May 19 2005, petitioner filed this action. In his Amended Petition, petitioner alleges that:

1.    [He] was denied his right to due process of law in violation of the Fourteenth amendment to the United States Constitution in the following particular: [t]he Oregon Board of Parole invoked constitutionally vague statutory criteria in deferring Mr. Hess' parole in 2003. Specifically, the phrase "present severe emotional

3 - OPINION AND ORDER

disturbance" in ORS § 144.125(3) is constitutionally
vague.

Petitioner's Amended Petition for Writ of Habeas Corpus (Attachment
to #31), pp. 2-3.

Respondent argues that petitioner is not entitled to relief
because his claim is procedurally defaulted, and lacks merit.
Respondent's Reply to Petitioner's Memorandum in Support (#34),
p. 1.

## DISCUSSION

I. **Exhaustion and Procedural Default**.

A. **Standards**.

A habeas petitioner must exhaust his claims by presenting them
to the state's highest court, either through a direct appeal or
collateral proceedings, before a federal court will consider the
merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982).
"As a general rule, a petitioner satisfies the exhaustion
requirement by fairly presenting the federal claim to the
appropriate state courts . . . in the manner required by the state
courts, thereby 'affording the state courts a meaningful
opportunity to consider allegations of legal error.'" Casey v.
Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v.
Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed
to present his claims to the state courts in a procedural context
in which the merits of the claims were considered, the claims have

not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992); <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

   B.   **<u>Analysis</u>.**

The court need not determine whether petitioner's claim was fairly presented to Oregon's state courts because, as discussed below, it is without merit. <u>See</u> 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

**II.   <u>The Merits</u>.**

   A.   **<u>Standard of Review</u>.**

5 - OPINION AND ORDER

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

6 - OPINION AND ORDER

Id at 410.  The state court's application of clearly established law must be objectively unreasonable.  Id at 409.

///

 B.  **Analysis**.

Petitioner alleges that the Board relied on unconstitutionally vague statutory criteria to defer his parole in violation of his substantive due process rights under the Fourteenth Amendment of the United States Constitution. Specifically, he alleges that the pre-1993 version of ORS § 144.125(3) which is applicable to his case allows the Board to defer his parole upon a finding of a "present severe emotional disturbance," a standard petitioner believes is impermissibly vague.

"The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them." Zinermon v. Burch, 494 U.S. 113, 125 (1990)(quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Presumably then, if petitioner demonstrated here that ORS § 144.125(3) is unconstitutionally vague, the court would find his substantive due process rights had been violated regardless of whether respondent provided him advance notice of the hearings, access to materials considered by the Board, an opportunity to be heard, or any other procedural protections.

7 - OPINION AND ORDER

In support of his vagueness claim, petitioner relies principally on Kolender v. Lawson, in which the Supreme Court held that a statute is void for vagueness if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary or discriminatory enforcement." Kolender, 461 U.S. 352, 357 (1983)(the Court held that a California statute was unconstitutionally vague because it did not clarify the requirement that a person who loiters or wanders on the street provide "credible and reliable" identification when requested by a peace officer.)

Petitioner argues that the § 144.125(3) statutory phrase "present severe emotional disturbance" ("PSED") runs afoul of Kolender in that it lacks concrete meaning and permits the Board to use its own "undefined standards and hunches in deciding whether the statutory standard for parole release has been satisfied." Petitioner's Memorandum in Support (#32), pp. 7-8. Moreover, petitioner contends that unlike other statutory phrases such as "recklessness" and "criminal negligence," there is no definition for PSED. Petitioner's Memorandum in Support (#32), p. 7; Respondent's Exhibit 103, pp. 72-73 (Board Chair states at petitioner's hearing that the term severe emotional disturbance is not defined, but is what the Board must find in order to defer an offender's parole release date.)

8 - OPINION AND ORDER

The Oregon Court of Appeals has rejected an argument that there are "no standards or criteria under ORS 144.125(3) (1991) that govern Board decisions to defer the release of prisoners on parole which means that the Board is free to act arbitrarily in making its deferral decisions." Pachl v. Morrow, 177 Or. App. 540, 544 (2001). Instead, in examining this statute, the Oregon Court of Appeals has held that: (1) it charges the Board with the task of determining whether a prisoner suffered from a "present severe emotional disturbance such as to constitute a danger to the health and safety to the community;" (2) the phrase PSED presents a legal standard rather than medical one; and (3) the statute requires a psychiatric or psychological diagnosis provide a foundation for the Board's finding that the emotional disturbance in question is "present" and "severe," but that the presence or absence of the specific language "present severe emotional disturbance" in the evaluation is not dispositive. Brown v. Palmateer, 379 F.3d 1089, 1094 (9th Cir. 2004)(citing Weidner v. Armenakis, 154 Or. App. 12, 16-19 (1998), *withdrawn by order* July 13, 1998, *reasoning reaffirmed and adopted in* Merrill v. Johnson, 155 Or. App. 295 (1998); Christenson v. Thompson, 176 Or. App. 54, 61 (2001)).

In addition, the Oregon Court of Appeals has noted that the statute:

> specifically authorizes the Board, before "making a
> determination regarding a prisoner's release on parole as

provided by ORS 144.125," to acquire information other
than a psychiatric or psychological diagnosis, including:

(1) Any relevant information which may be submitted by
the prisoner, the prisoner's attorney, the victim of the
crime, the Department of Correction, or by other persons;

(2)  The presentence investigation report specified in
ORS 144.791 or if no such report has been prepared, a
report of similar content prepared by institutional
staff;

(3) The reports of any physical, mental and psychiatric
examinations of the prisoner;

(4)  The prisoner's parole plan; and

(5) Other relevant information concerning the prisoner as
may be reasonably available.

Weidner, 154 Or. App. at 18; ORS § 144.125(3).[1]

The court agrees with the Oregon Court of Appeals that the
statute contemplates that the Board will consider all information
properly before it, including the psychiatric or psychological
evaluation, in reaching its determination as to whether a prisoner
suffers from a PSED such as to constitute a danger to the health
and safety to the community.  The court finds that the statute
contains sufficiently specific criteria so as to guide the Board in
making its findings, and accordingly, it cannot be said that the
statute encourages arbitrary and discriminatory enforcement such

_____

[1]     To the extent that the referenced Oregon cases contain
the Oregon courts' statutory interpretations of ORS § 144.125(3),
this court recognizes that it is not within its province to
reexamine those determinations.  See Estelle v. McGuire, 502 U.S.
62, 67-68 (1991); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975);
Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002).

10 - OPINION AND ORDER

that it is void for vagueness, and violative of prisoners' substantive due process rights under the Fourteenth Amendment.[2]

## CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus (Attachment to #31) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 10th day of October, 2006.


                              /s/ Robert E. Jones
                                   Robert E. Jones
                                   United States District Judge

---

[2]    The court's conclusion here that ORS § 144.125(3) is not unconstitutionally vague is in accord with Judge Anna J. Brown's decision of June 27, 2005 in Howard v. Rea, 2005 WL 1565002 (D.Or. 2005).

12 - OPINION AND ORDER